911 F.2d 726
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joy Day WEISMAN, Plaintiff-Appellant,
v.
Marvin FRIBUSH, Paine Webber Securities, Timothy Farrell,
Paine Webber Securities, Paine Webber Securities, Steve
Marshall, Paine Webber Mortgage/Finance, Paul Ferris, Paine
Webber Mortgage/Finance, Paine Webber Mortgage/Finance,
Paine Webber Group, Incorporated, Defendants-Appellees.
 No. 89-1547.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 17, 1990.
Decided Aug. 15, 1990.
As Amended Aug. 17, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-88-3111-HAR)
 Martin I. Moylan, Towson, Md., for appellant.
 Read K. McCaffrey, Jeffrey M. Glosser, Karen A. Appelbaum, Whiteford, Taylor & Preston, Washington, D.C., for appellees.
 D.Md.
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and G. ROSS ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The plaintiff-appellant, Mrs. Joy Day Weisman, originally filed suit against defendants in state court, but defendants removed the action to the United States District Court for the District of Maryland pursuant to 28 U.S.C. Sec. 1441(b). The district court dismissed the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cause of action for which relief may be granted. Mrs. Weisman appeals the failure of the district court to rule on her motion to remand the case back to state court, the dismissal of her state claims, and the denial of her motion to compel arbitration. Our review of the record and the briefs discloses that this appeal is without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. The parties also requested that the appeal be decided without oral arguments.
 
 
 2
 * For purposes of a motion to dismiss, material allegations of the complaint are taken as admitted. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The district court construed the complaint liberally in favor of the plaintiff, see Conley v. Gibson, 355 U.S. 41, 45-46 (1957), and we do likewise.
 
 
 3
 Mrs. Weisman's claims arise out of defendants' actions regarding her husband's securities accounts with Paine Webber, Inc. (hereinafter "Paine Webber Securities"). She claims damages based on defendants' actions in harassing her for payment of nonexistent "margin calls" on her husband's accounts, while her husband was medically incapacitated. The defendants allegedly knew of Mr. Weisman's medical incapacity at all times and were aware that Mrs. Weisman had no authority to deal with her husband's accounts during his incapacity. The defendants allegedly sought payment from Mrs. Weisman even though they knew that a bookkeeping entry would balance her husband's accounts. Plaintiff also alleges that the margin calls should have been covered by a mortgage on the Weismans' real property, which the defendant Paine Webber Mortgage Finance, Inc. ("Paine Webber Mortgage") had promised, but failed to obtain.
 
 
 4
 The complaint includes various state claims arising out of defendants' actions concerning Mr. Weisman's accounts and the mortgage application, including intentional infliction of emotional distress, negligent misrepresentation, and intentional defamation of credit. The complaint also alleges that the defendants' actions constituted a civil violation of the Racketeer and Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1961-1968 (1982).
 
 II
 
 5
 The action was properly removed to federal court pursuant to 28 U.S.C. Sec. 1441(b), because the RICO claim is clearly one "arising under" federal law.* Although removal was proper, the district court found that the complaint failed to allege facts sufficient to support the RICO claim. Appellant makes no argument that the court's basis for dismissal of that claim was erroneous, and we affirm the dismissal of the RICO claim for the reasons given by the district court. However, appellant argues that the district court erred in failing to rule on her motion to remand the case to state court. We affirm the dismissal of the state claims along with the federal claim as appropriate under United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966), which allows a court to dismiss insubstantial state claims under its pendent claim jurisdiction. Contrary to appellant's assertions, the application of Gibbs to this case is not modified by Finley v. United States, 109 S.Ct. 2003 (1989), which concerns pendent-party jurisdiction. By exercising its authority to dismiss appellant's pendent state claims, the district court implicitly denied her motion to remand those claims to state court.
 
 
 6
 We also uphold the district court's denial of Mrs. Weisman's motion to compel arbitration. The arbitration agreement on which Mrs. Weisman relies is between her and Paine Webber Securities. The agreement requires arbitration only over disputes arising from Mrs. Weisman's accounts. This suit involves not Mrs. Weisman's accounts, but rather, her husband's accounts. Mrs. Weisman's arbitration agreement clearly does not require Paine Webber Securities to arbitrate claims concerning accounts in which Mrs. Weisman has no legal interest.
 
 
 7
 Mr. Weisman is a party to a separate arbitration agreement with Paine Webber Securities, which agreement covers disputes concerning his accounts. Mrs. Weisman is not a party to that agreement. Mr. Weisman has already filed for arbitration of his claims with the New York Stock Exchange, Inc., pursuant to his arbitration agreement. However, neither he nor Paine Webber Securities can be forced to arbitrate Mrs. Weisman's claims, because Mr. Weisman's arbitration agreement on its face does not encompass claims of third parties.
 
 III
 
 8
 For the reasons stated herein, we affirm the dismissal of all of plaintiff's claims under Fed.R.Civ.P. 12(b)(6), and the denial of plaintiff's motion to compel arbitration of those claims.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Although state courts have concurrent jurisdiction over civil RICO claims, Tafflin v. Levitt, 110 S.Ct. 792 (1990), that fact does not alter a defendant's right to remove those claims